Samuel TOVEN, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendants.**

**No. CV 06–07260ABCRZX.**

United States District Court, C.D. California.

Sept. 12, 2007.

Brent Dorian Brehm and Glenn R. Kantor, of Kantor & Kantor, LLP, Northridge, CA, for Plaintiff.

Robert K. Renner, Sara A. Maunder, of Barger & Wolen, LLP, Irvine, CA, for Defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

RALPH ZAREFSKY, United States Magistrate Judge.

This matter comes before the Court on the motion of Defendant Metropolitan Life Insurance Company for a protective order. The matter is fully briefed, and the Court finds that oral argument will not aid in the disposition of the motion. Accordingly, the hearing set for September 17, 2007 is vacated. FED. R. CIV. P. 78; L.R. 7–15.

This case arises under ERISA, 29 U.S.C. § 1132 *et seq.* Plaintiff Samuel Toven asserts that Defendant wrongly denied his disability claim. In furtherance of his position, Plaintiff has noticed the depositions of Noemis Marcano–Molina and Karen Van Aernam, two of Defendant's claims representatives, and Dr. Lyle Mitzner, a physician whom Defendant consulted prior to making its decision. Defendant seeks a protective order prohibiting these depositions.

FED. R. CIV. P. 26(c) authorizes the Court to enter a protective order, including a protective order that the discovery not be had. Defendant argues that the issue to be decided is whether Defendant abused its discretion in denying the disability claim, and that that determination must be made from the administrative record. Hence, material outside the record is not relevant, and allowing the discovery here then becomes harassing, and contrary to the statute's objective of streamlining these kinds of proceedings.

Defendant's argument carries much weight, but recent case law from the Ninth Circuit points in the other direction. The key case, in the Court's view, is *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.2006). Defendant asserts that this case stands for the proposition that "extraneous discovery is only allowable to establish whether MetLife has a conflict of interest." Joint Stipulation at 18:19–20. This misreads *Abatie.*

To begin with, it is already established that MetLife has a conflict of inter-

est. MetLife both administers the plan and pays the benefits; this creates a "structural conflict of interest." *Abatie*, 458 F.3d at 965, *citing Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976 (9th Cir.1999). The question is whether that conflict of interest affected Defendant's decision-making. Assuming, as the parties seem to, that the abuse-of-discretion standard will govern the merits of the dispute, the Court deciding the merits nevertheless must decide "how much or how little to credit the plan administrator's reason for denying insurance coverage." *Abatie*, 458 F.3d at 968. This is a decision which is "something akin to a credibility determination about the insurance company's or plan administrator's reason for denying coverage under a particular plan and a particular set of medical and other records." *Id.* at 969.

■■■ The Court deciding the merits of the dispute has the discretion to consider evidence outside the administrative record. The purpose of such evidence is to determine the nature, extent, and effect on the decision-making process of a conflict of interest. *Id.* at 970. The Court determining whether the administrator has abused its discretion may consider "any evidence of malice, or self-dealing, or of a parsimonious claims-granting history," "inconsistent reasons for denial," inadequate investigation of a claim or failing to ask the plaintiff for necessary evidence, failing "to credit a claimant's reliable evidence," and making decisions against the "weight of evidence in the record." *Id.* at 968. And it even appears that the plan administrator may adduce evidence outside the record to demonstrate that its decision was *not* affected by its conflict of interest: "a conflicted administrator, facing closer scrutiny, may find it advisable to bring forth affirmative evidence that any conflict did not influence its decisionmaking process,

evidence that would be helpful to determining whether or not it has abused its discretion." *Id.* at 969. The sorts of evidence that can be adduced are not those which would appear in an administrative record: "the administrator might demonstrate that it used truly independent medical examiners or a neutral, independent review process; that its employees do not have incentives to deny claims; that its interpretations of the plan have been consistent among patients; or that it has minimized any potential financial gain through structure of its business (for example, through a retroactive payment system)." *Id.* at 969 n. 7.

The Court is at a loss to understand how evidence of a claims' adjuster's credibility, or of that of the consultant, can be determined solely from the administrative record. In the Court's view, the rationale of *Abatie* leads inevitably to the conclusion that discovery beyond the administrative record now must be allowed. Such discovery must be confined to the parameters which *Abatie* discussed—discovery which leads to information about "the nature, extent, and effect on the decision-making process of a conflict of interest." It must not be harassing, and must be efficiently conducted. (For example, curriculum vitae of the consultant should be obtained in advance, rather than spending time establishing such facts at a deposition.) But the Court finds no basis for prohibiting the discovery, as Defendant requests in its motion.

In accordance with the foregoing, Defendant's motion for a protective order is denied.

IT IS SO ORDERED.